UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| MOHAMMED AHMED HASSAN ABDALLAH OMRAN, | ) ) ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:14-cv-00505-DBH |
| UNITED STATES, et als., | ) ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

This civil action arises out of a criminal prosecution of Plaintiff in the United States District Court for the District of New Hampshire, which prosecution terminated following the Court's grant of the Government's motion to dismiss the indictment.

Plaintiff alleges that the Court, the Assistant United States Attorney, and Plaintiff's court-appointed counsel conspired to deprive him of his constitutional rights and to cover up misconduct by law enforcement officers. Plaintiff has also asserted claims against the Office of Defender Services, the United States, the New Hampshire Attorney Discipline Office, and fourteen attorneys who work for the Attorney Discipline Office.

Plaintiff filed an application to proceed *in forma pauperis*, which application the Court granted. In accordance with 28 U.S.C. §§ 1915 and 1915A, a preliminary review of Plaintiff's complaint is appropriate. Following the review, I recommend that the Court dismiss Plaintiff's complaint without service of process.

**STANDARD OF REVIEW**

When a party is proceeding *in forma pauperis,* "the court shall dismiss the case at any time if the court determines," *inter alia*, that the action is "frivolous or malicious" or "fails to state a

claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308 (1989) ("Section 1915(d) … authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated in Louisiana and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n.

14 (2007)).  Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).  *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of *pro se* plaintiffs "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim").

## FACTUAL BACKGROUND

The facts set forth herein are derived from the factual allegations in Plaintiff's Complaint, which facts are deemed true when evaluating the Motion to Dismiss.[1]  *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).  In addition, I take judicial notice of the docket in the underlying criminal case, which is a public record within the meaning of Fed. R. Civ. P. 12(b)(6) and Fed. R. Evid. 201.  *See In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 & n.2 (1st Cir. 1999) (explaining that a court may take judicial notice of its own docket).

### The Underlying Criminal Case

On September 5, 2012, the Government filed the Grand Jury's indictment, which charged Plaintiff, an Egyptian national, with falsely and willfully misrepresenting himself as a citizen of the United States on employment eligibility verification forms, in violation of 18 U.S.C. § 911. (Case No. 1:12-cr-117-01, Document 1.)  The Court appointed Assistant Federal Defender Bjorn Lange to represent Plaintiff.  Plaintiff stipulated to detention pending trial and remained in detention during the pendency of the case.

---

[1] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

In December 2012, in support of a request for new counsel, Plaintiff asserted that his counsel's (Defendant Lange's) investigation was inadequate and that communication between them had broken down. (Document 15.) Additionally, Plaintiff, without the assistance of his counsel, requested leave to pursue a motion for the return of seized property and sought to suppress certain evidence within the seized property. (Documents 16 & 17.) Upon receipt of Plaintiff's filings, the court promptly held a status conference. Prior to the court proceeding, the court met with Defendant's counsel (Defendant Lange) and the Assistant United States Attorney (Defendant Gunnison) in chambers.

On December 4, the court granted Plaintiff's request to dismiss his counsel,[2] appointed Attorney Andrew Schulman as substitute counsel, and denied without prejudice the motions to proceed *pro se* regarding the return of property and suppression of evidence. In denying the motions, the court noted that the motions were procedurally improper because they were not filed by counsel.

On December 14, 2012, Plaintiff filed a motion to proceed *pro se* and for the appointment of standby counsel. (Document 25.) On January 1, 2013, Attorney Shulman, contrary to Plaintiff's direction, filed a motion to dismiss the indictment, asserting that 18 U.S.C. § 911 is overbroad and violates the First Amendment. (Document 26.) On January 7, Plaintiff moved to withdraw the motion to dismiss. (Document 27.)

The Court scheduled a hearing on the pending matters for January 7, 2013. Before the hearing, the court met in chambers with Attorney Schulman and AUSA Gunnison. The hearing revealed that Plaintiff advised Attorney Schulman not to file the motion to dismiss because Plaintiff preferred to go to trial to "expose the government misconduct" that lead to his arrest and

---

[2] The transcript of the December 3 hearing (Document 46) reflects that the Court conducted an *ex parte* inquiry regarding the conflict between Plaintiff and Attorney Lange and concluded that the relationship was beyond repair.

prosecution. (Transcript of Motion Hearing at 20, Document 44.) Additionally, Plaintiff and Attorney Schulman disagreed about the existence of grounds to file a motion to suppress pursuant to *Franks v. Delaware*, 438 U.S. 154, 171 (1978). (*Id.* at 8.) At the conclusion of the hearing, the Court took the matters under advisement.

During the January 7 hearing, Plaintiff argued that the investigating officer, "Officer Bleezarde," falsely represented in a search warrant application that Plaintiff's roommate/landlord informed law enforcement about the existence of one or more incriminating files on Plaintiff's computer after conducting her own search of the computer in Plaintiff's absence. According to Plaintiff, the roommate could not possibly have searched the computer because of the complex logon password, which was not available to the roommate. Attorney Schulman represented to the court that he prepared a motion for a forensic evaluation of the computer to determine whether anyone accessed the computer before completion of the search warrant application. (Transcript of Motion Hearing at 17, Document 44.) The court expressed its preference for a forensic examination of the computer to assess whether Defendant had a basis for the proposed *Franks* motion. (*Id.* at 17-18.)

At the hearing, Plaintiff asserted that although he wanted the forensic examination (*id.* at 17), he also wanted to withdraw the motion to dismiss the indictment because he "would like to prove during the course of this trial that my rights have been violated and the government has violated my privacy" (*id.* at 19). The presiding judge expressed concern about Plaintiff's proposed course of action. He explained to Plaintiff that the purpose of the criminal trial was to assess Plaintiff's guilt or innocence, and that if his primary reason for wanting the motion to dismiss withdrawn was to expose government misconduct, he should bring a civil lawsuit rather than forfeit a defense to the criminal charges. (*Id.* at 19-22.) The court reserved ruling on the motion

to proceed *pro se*.[3]  (*Id.* at 23-24.)  On January 11, 2013, Plaintiff filed a motion for writ of mandamus with the First Circuit, contending that the District Court must decide his motion to proceed *pro se* promptly and without delay.  (Document 32.)

On February 11, 2013, the Government filed a motion to dismiss the indictment without prejudice (Document 34), which motion Plaintiff opposed (Document 38).  On March 6, 2013, the court granted the motion over Plaintiff's objection.  Plaintiff appealed from the order of dismissal.  Because the order of dismissal without prejudice is not an appealable order, the First Circuit dismissed Plaintiff's appeal.  (Document 53.)

## Plaintiff's Allegations

Plaintiff commenced this action against District Court Judge Joseph LaPlante, AUSA Michael Gunnison, Assistant Federal Defender Bjorn Lange, court-appointed counsel Andrew Schulman, and fourteen members of the New Hampshire Attorney Discipline Office.  Plaintiff also named as defendants the United States, the Office of Defender Services, and the New Hampshire Attorney Discipline Office.  According to Plaintiff, his case arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Federal Tort Claims Act, and the Civil Rights Act, and includes "related state causes of action" that are not otherwise identified in his pleading.  (Complaint, Document 1.)

Plaintiff's substantive allegations can be summarized as follows:

1. While at work in Barrington, New Hampshire, Plaintiff was arrested on August 30, 2012, by Immigration and Customs Enforcement (ICE) agents.  (*Id.* ¶ 12.)  ICE agent Philip Bleezarde and FBI agent Brendan Galway conducted a warrantless search and

---

[3] Following the hearing, Plaintiff and Attorney Schulman were not able to maintain their attorney-client relationship.  Attorney Schulman filed a motion to withdraw on February 6, 2013.  (Document 31.)

    seizure at Plaintiff's home in Methuen, Massachusetts on September 24, 2012. (*Id.* ¶ 14.) On September 25, 2012, they conducted another warrantless search and seizure at the home of Plaintiff's friend, at which home Plaintiff stored some of his property. (*Id.* ¶ 15.)

2. "Plaintiff repeatedly asked his public defender, Bjorn Lange, to file a motion for the return of the illegally seized property pursuant to the Federal Rules of Criminal Procedure, Rule 41(g). Mr. Lange repeatedly refused to file the motion." (*Id.* ¶ 16.) Plaintiff argues that Defendant Lange's conduct deprived Plaintiff of his Sixth Amendment Right to effective assistance of counsel and contributed to the invasion of privacy by the Government's agents. Plaintiff also complains that Defendant Lange viewed the contents of Plaintiff's computer without Plaintiff's authorization and consent. (*Id.*)

3. At the conference of counsel prior to Plaintiff's December 3, 2014, hearing, Attorney Lange, AUSA Gunnison, and Judge LaPlante "conspired to deprive the plaintiff of his right to return the illegally seized property." (*Id.* ¶ 17.)

4. "Plaintiff asked his new counsel, Mr. Schulman to file a motion for Franks hearing pursuant to *Franks v. Delaware* to question the truthfulness of the affidavit that accompanied the search warrant application. Despite the clear ground for the motion according the United States Supreme Court Case Law, Mr. Schulman refused to file the motion to protect the Government's agents from facing the consequences of their illegal and criminal conduct." (*Id.* ¶ 18.) Plaintiff argues that Defendant Schulman's conduct deprived Plaintiff of his Sixth Amendment right to the effective assistance of counsel. (*Id.*)

5. On December 26, 2012, Defendant Schulman told Plaintiff of his plan to file the motion to dismiss, but Plaintiff directed him not to file the motion. (*Id.* ¶ 19.) On January 2, 2013, Defendant Schulman told Plaintiff that he filed the motion. (*Id.* ¶ 20.) According to Plaintiff, Defendant Schulman filed the motion "to protect the Government's agents from facing the consequences of their criminal conduct." (*Id.*)

6. At the January 7, 2013, prehearing conference, Defendant Schulman, AUSA Gunnison, and Judge LaPlante "conspired to deprive plaintiff of his Constitutional Rights of effective representation of counsel and of self-representation." (*Id.* ¶ 21.)

7. On January 18, 2013, Plaintiff filed a complaint against Defendant Schulman with the New Hampshire Attorney Discipline Office, provided the name and address of a witness to Defendant Schulman's "misrepresentation," and requested that the Office subpoena "a recorded telephone conversation that will prove Mr. Schulman's misrepresentation." (*Id.* ¶ 22.) "The members of the Attorney Discipline Office failed to do the administrative and investigatory procedures required to investigate the complaint. Instead they took Mr. Schulman's response as fact and failed to question his statements." (*Id.*) According to Plaintiff, the conduct of the Discipline Office violated his right to due process and equal protection. (*Id.*)

8. Plaintiff suffered "severe psychological and emotional distress and mental suffering, pain and anguish." (*Id.* ¶ 24.) "Plaintiff tried to commit suicide [on] more than one occasion." (*Id.*)

9. Plaintiff alleges deprivations of his rights under the Fourth Amendment, Fifth Amendment, Sixth Amendment, and Fourteenth Amendment. (*Id.* ¶¶ 25-35.) He

8

requests declaratory relief, an award of costs, and damages in the amount of five million dollars.  (*Id.* ¶ 36.)

## DISCUSSION

As explained below, Plaintiff has failed to state a non-frivolous claim against any of the named defendants.

**A.     Defendant LaPlante**

Plaintiff alleges that Defendant LaPlante, the District Court Judge who presided over Plaintiff's criminal matter, conspired with Plaintiff's court-appointed counsel to deprive Plaintiff of his Sixth Amendment right to effective assistance of counsel and to prevent Plaintiff from obtaining the return of illegally seized property contrary to Plaintiff's Fifth Amendment protections.  The Fifth Amendment prohibits the deprivation of "life, liberty, or property, without due process of law."  U.S. CONST. Amend. V.  "The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding."  *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012).

On his Fifth Amendment claim, Plaintiff fails to allege facts from which one could reasonably infer the Defendant engaged in any form of a conspiracy.  In addition, on Plaintiff's claim of a Sixth Amendment deprivation, Plaintiff has not identified a critical right that Plaintiff lost as the result of Defendant LaPlante's conduct.  To the contrary, the record reflects that at each step of the proceeding, Defendant took all the appropriate measures to ensure that Plaintiff's constitutional rights were preserved.

Furthermore, insofar as Plaintiff seeks to recover for decisions that Defendant LaPlante made in his judicial capacity, Defendant LaPlante is immune from liability.  *Butz v. Economou*, 438 U.S. 478, 511 (1978).  Absolute judicial immunity can only be overcome where a judge takes

action outside of a judicial capacity or, while taking judicial action, does so "in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  Plaintiff fails to allege non-judicial action or judicial action in the absence of jurisdiction.

## B.     Defendant AUSA Gunnison

Plaintiff alleges that he is "not complaining about [Defendant's Gunnison's] prosecutorial decision, rather about his failure to do the investigative task of his job." (Compl. ¶ 8.)  Plaintiff states, "As a direct consequence of [AUSA Gunnison's] failure, officer Bleezarde committed perjury and lied to a federal judge in an affidavit to issue a search warrant", and that "[h]ad Mr. Gunnison [performed] the investigative task of his job, the search warrant would have not been issued and plaintiff's Constitutional Rights would have not been violated." (*Id.*)

In addition to the Fifth Amendment and Sixth Amendment conspiracy theories, Plaintiff alleges that Defendant Gunnison is responsible for a deprivation of his Fourth Amendment rights. As explained above, Plaintiff's conspiracy claims are unsupported by any reliable factual assertions.  The Fourth Amendment allegation is similarly lacking.

The Fourth Amendment prohibits unreasonable searches and seizures, and provides that no warrant shall issue except on a showing of "probable cause, supported by oath or affirmation." U.S. CONST. Amend. IV.  Plaintiff maintains that Defendant Gunnison failed to conduct a reasonable investigation, which would have revealed that the information upon which the application for the search warrant was based (i.e., affidavit of Officer Bleezarde) was false.

Although Plaintiff attempts to differentiate between Defendant Gunnison's exercise of prosecutorial discretion and his exercise of an investigative function, on the alleged facts, the distinction is not sufficient to overcome the prosecutorial immunity to which Defendant Gunnison is entitled.  "[P]rosecutors are entitled to absolute immunity for their actions in procuring a warrant,

so long as they do not act as attesting witnesses." *Orth v. Balaam*, 528 Fed. App'x 723, 725-26 (9th Cir. 2013) (citing *Kalina v. Fletcher,* 522 U.S. 118, 129 (1997), and *Burns v. Reed,* 500 U.S. 478, 492 (1991)). Plaintiff does not allege any facts to suggest that Defendant Gunnison was an attesting witness in support of the search warrant application. Because Defendant Gunnison is entitled to prosecutorial immunity on Plaintiff's Fourth Amendment claim, Plaintiff fails to state a claim upon which relief may be granted.

## C. Defendants Lange and Schulman (Defense Counsel)

Plaintiff describes Defendants Lange and Schulman as federal agents whom he has sued in their individual and official capacities. (Compl. ¶¶ 4, 5.) Preliminarily, "federal defenders do not act under color of federal law when representing clients in federal criminal proceedings and are therefore not subject to suit under *Bivens*." *Barnett v. Levin*, No. 1:12-CV-518-JJM, 2013 WL 684454, at *2 (D.N.H. Feb. 25, 2013); *see also Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982); *Richards v. Flynn*, 263 Fed. App'x 496 (7th Cir. 2008) (unpublished). This conclusion applies equally, if not to a greater degree, to private attorneys appointed under the Criminal Justice Act.

In addition, particularly given that the criminal case ended with a dismissal of the charges against Plaintiff, Plaintiff has not alleged facts that would support a claim of ineffective assistance of counsel. That is, Plaintiff has not alleged any facts to suggest that he suffered actual prejudice as required in the context of an ineffective assistance claim. *Strickland v. Washington*, 466 U.S. 668, 691-92 (1984).

Finally, as discussed earlier, Plaintiff's conspiracy claims lack factual support. Instead, the allegations are wholly conclusory. "Though … pro se complaints are to be read generously, allegations of conspiracy must nevertheless be supported by material facts, not merely conclusory

11

statements." *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980) (citation omitted).  Plaintiff has not alleged facts from which one can reasonably infer that either Defendant Lange or Defendant Schulman worked with or attempted to work with the prosecution or law enforcement to undermine Plaintiff's defense.

**D.     Attorney Discipline Office and Officers**

Plaintiff identifies the fourteen members of the New Hampshire Attorney Discipline Office as state actors and asserts claims against them in their individual and official capacities.  He explains that he "is not complaining about their judicial decision, rather about their failure to do the investigative and administrative part of their job."  (Compl. ¶ 6.)

The Fourteenth Amendment ensures both "due process of law" and "equal protection of the laws."  U.S. CONST. Amend. XIV.  Plaintiff alleges that the Defendants, in violation of Plaintiff's due process and equal protection rights, failed to investigate properly Plaintiff's complaint against Attorney Schulman.  Because the Defendants are state actors, the claim arises under 42 U.S.C. § 1983 rather than under the *Bivens* standard.  The analysis, however, is similar.  Plaintiff must assert facts that support a plausible constitutional violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 119 (1992).  Simply stated, Plaintiff has failed to state a claim.

As a matter of law, Plaintiff cannot prevail on a due process claim.  Plaintiff has no due process right to have a state bar prosecute a grievance against an attorney.  *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1568-69 (10th Cir. 1993) ("Substantive due process rights do not encompass a right to compel a state to do something *for* someone not under some form of custody or restraint …. [T]he same is true with respect to a claim that the state ought to do something *to* someone else.") (citations omitted) (emphasis in original); *Saier v. State Bar of Mich.*, 293 F.2d 756, 759 (6th Cir.) (explaining that failure to conduct disciplinary proceeding against attorney does not

deprive client of life, liberty, or property, so no process is due the client), *cert. denied* 368 U.S. 947 (1961). Furthermore, because Plaintiff did not suffer an injury-in-fact as a result of the Attorney Discipline Office's or officers' decisions, Plaintiff does not have standing to assert a constitutional claim in this context. *Doyle*, 998 F.2d at 1567 ("The fact is that the only one who stands to suffer direct injury in a disciplinary proceeding is the lawyer involved.").

**E.     Equal Protection**

Plaintiff alleges that all of the Defendants "neglected and failed to perform their duties and discriminated against [him] because of his ethnicity and national origin." (Compl. at 1.) To state an equal protection claim, a plaintiff "must allege that he was intentionally treated differently from others similarly situated and there was no rational basis for the difference in treatment." *Toledo v. Sanchez*, 454 F.3d 24, 34 (1st Cir. 2006). At the most basic level, Plaintiff's equal protection claim fails because he has not alleged a plausible claim that Defendants violated any of his constitutional rights. Additionally, Plaintiff failed to identify any similarly situated individuals who received more favorable treatment than he did. Finally, Plaintiff also has not alleged any facts from which one could reasonably infer discriminatory intent. Instead, Plaintiff merely alleges that he is an Egyptian national. That fact, standing alone, does not support a plausible inference of discriminatory intent. "Although there is no heightened pleading standard for civil rights claims, mere conclusory allegations of discrimination unsupported by any facts are insufficient for notice pleading purposes." *Id*.

**F.     The Federal Tort Claims Act**

Plaintiff also purports to assert claims against the Defendants under the Federal Tort Claims Act (FCTA).[4] The FTCA is "a limited waiver of the federal government's sovereign immunity

---

[4] In the "Jurisdiction" section of the complaint, Plaintiff asserts that the action "arises under … the Federal Tort Claims Act." (Complaint, ¶ 1). Plaintiff does not reference the FTCA under the "Causes of Action" section of the complaint.

13

and grants federal courts jurisdiction over claims against the United States that fall within its ambit." *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006) (citation omitted). Such claims are

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

To establish that this Court has jurisdiction over his FTCA claim, therefore, Plaintiff must identify a basis under New Hampshire law to hold a private party liable for the conduct that Plaintiff attributes to the named employees of the federal government. *Id.* at 266-67. As discussed above, Plaintiff's claims against Defendants LaPlante and Gunnison are precluded by immunity doctrines.

In addition, to the extent that Plaintiff's ineffective assistance of counsel claim against Defendant Lange can be construed to be a claim for professional malpractice, the FTCA excludes public defenders from the definition of "employee of the Government" when they "perform[] professional services in the course of providing representation under section 3006A of title 18." 28 U.S.C. § 2671. Furthermore, sovereign immunity is not waived when the claim is based on "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). *See Abreu v. United States,* 468 F.3d 20, 23 (1st Cir. 2006).

---

Nevertheless, because the complaint could conceivably be construed to attempt to assert a claim under the FTCA, I will address the merit of any such attempt.

14

In short, Plaintiff has failed to assert an actionable FTCA claim against any of the Defendants.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court dismiss Plaintiff's Complaint in its entirety.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of December, 2014.